UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cv-22869-KMM

QI WEI CHEN,

    Plaintiff,

v.

NORWEGIAN CRUISE
LINE HOLDINGS LTD.,

    Defendant.
_____/

## PLAINTIFF's NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE TO THE MOTION TO DISMISS

Plaintiff, QI WEI CHEN ("PLAINTIFF"), by and through undersigned counsel, and pursuant to Local Rule 7.8, hereby gives notice of supplemental authority, in support of her Response to Defendant NORWEGIAN CRUISE LINE HOLDINGS LTD. ("DEFENDANT") Motion to Dismiss [ECF No. 5]. The new authority relates to the arguments raised in DEFENDANT's Motion to Dismiss that allege that PLAINTIFF failed to meet her burden under Rule 8 to plead sufficient factual allegations in support of notice (and which also address allegations made by DEFENDANT in *Loredo* that PLAINTIFF filed a shotgun pleading in that case).

The citation to the supplemental authority is: *Sarah Loredo v. Carnival Corporation & PLC*, Case No. 22-23722-CIV-ALTONAGA/Damian [DE 20].

*Loredo*, involving similar allegations, states:

**A. Shotgun Pleading**

. . .

The Court agrees with Plaintiff — she clearly connects material facts to her five distinct causes of action. Plaintiff alleges each of the dangerous conditions which caused the Staircase to be unsafe. (See Am. Compl. ¶ 17). She then alleges that "[e]ach of th[o]se dangerous conditions alone was sufficient to and did cause" her fall and injuries (id. ¶ 18 (alterations added)), and then details the many ways by which Defendant should have been put on notice (see id. ¶ 19). And she then finally links those allegations to each separate cause of action (see id. ¶¶ 40, 51, 62, 73–78, 93–98), along with Defendant's specific breaches of its duty of reasonable care (see id. ¶¶ 38, 49, 60, 72, 93).

. . .

**C. Notice**

. . .

Plaintiff provides sufficient facts to push her "claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570 (alteration added). Plaintiff alleges many different dangerous conditions (see Am. Compl. ¶ 17), "[e]ach of" which "alone was sufficient to and did cause" her injuries (id. ¶ 18 (alteration added)). Rather than providing "only conclusory allegations as to [actual or] constructive notice[,]" *Holland*, 50 F.4th at 1095 (alterations added), Plaintiff has provided multiple methods by which Defendant was on notice about the Staircase's dangerous condition.

Take, for instance, the "watch your step" sign affixed to the Staircase. (See Am. Compl. ¶ 19(a)). The presence of a "watch your step" sign on a Staircase can demonstrate that a cruise ship operator, like Defendant, was on notice about the potential risk of injury that stepping onto or down the Staircase might pose. See Guevara, 920 F.3d at 720–22. True, the sign is not a blanket panacea for Plaintiff's claims; "there must . . . be a connection between the warning and danger." Id. at 721 (alteration added)). So, for example, the sign, with nothing further, has little to say about the Staircase's allegedly "loose nosings[.]" (Am Compl. ¶ 17(c) (alteration added)). See Guevara, 920 F.3d at 721; *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599, 601–02 (11th Cir. 2017). But the nosing's condition is not the only dangerous condition Plaintiff identifies.

Plaintiff alleges a host of dangerous conditions, such as the Staircase being "unreasonably narrow[]" and "angled[,]" and that it "lacked adequate visual cues to help passengers see each step[.]" (Am. Compl. ¶¶ 17(a), (b), (f) (alterations added)). While a "watch your step" sign may have nothing to say about the status of the Staircase's nosing, it certainly is intended to warn passengers like Plaintiff that the Staircase "could be deceiving, and therefore dangerous[.]" *Guevara*, 920 F.3d at 722 (alteration added). And it is more than reasonable to infer that Defendant placed the sign because it knew the Staircase was deceiving and dangerous, see id., by virtue of its design and condition. *See also Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016) (explaining that courts "draw[] all reasonable inferences in a plaintiff's favor" when evaluating a motion to dismiss (alteration added; citation omitted)).

Relatedly, Plaintiff alleges that "relevant safety standards/recommendations/other guidelines" demonstrate that Defendant knew "or should have known" of the unreasonably dangerous nature of the Staircase. (Am. Compl. ¶ 19(d)). "[A]dvisory guidelines and recommendations, while not conclusive, are . . . probative of the defendant's constructive knowledge of the allegedly hazardous condition." *Holderbaum v. Carnival Corp.*, 87 F. Supp. 3d 1345, 1356 (S.D. Fla. 2015) (alterations added; citation and quotation marks omitted). **Even if those guidelines might not be sufficient alone to establish notice, when taken in tandem with Plaintiff's other allegations concerning notice (see Am. Compl. ¶ 19), they build to the plausible inference that Defendant "knew or should have known" of the Staircase's unreasonably dangerous condition**. *Guevara*, 920 F.3d at 720 (citation, footnote call number, and quotation marks omitted).

**And Plaintiff provides further support for Defendant's notice with her allegations that Defendant both "owned" and "controlled" the Ecstasy (Am. Compl. ¶ 13), and "participated in the installation and/or design of the [Staircase], or alternatively, . . . accepted the [Staircase] with [the dangerous conditions] present after having been given an opportunity to inspect the ship" (id. ¶ 19(b) (alterations added)). *See also Liles v. Carnival Corp. & PLC*, No. 22-cv-22977, 2023 WL 34644, at \*3 (S.D. Fla. Jan. 4, 2023) (describing the "[c]ritical[]" difference between allegations that a dangerous condition was onboard the defendant's ship and controlled by it, versus allegations concerning a dangerous condition not onboard and not under the defendant's control (alterations added))**; *Hoover v. NCL (Bahamas) Ltd.*, 491 F. Supp. 3d 1254, 1257 (S.D. Fla. 2020).

At this stage, these allegations provide enough to establish a plausible theory of Defendant's liability. The "watch your step" sign (Am. Compl. ¶ 19(a)), drawing all reasonable inferences, supports the plausible theory that Defendant was aware of the unreasonably dangerous conditions of the Staircase (see id. ¶ 17), placed the sign as a warning, but then otherwise took insufficient steps to "adequately inspect[] . . . to make sure [the Staircase] [was] reasonably safe" (id. ¶ 37 (alterations added)), "adequately maintain" the Staircase's safety (id. ¶ 48), "adequately remedy" the dangerous conditions, (id. ¶ 62), adequately "warn" of the dangerous conditions (id. ¶ 75), or otherwise adequately "design[], install[], and/or approve[]" a safer Staircase (id. ¶ 88 (alterations added)). **See also Hunter v. Carnival Corp.**, **No. 22-20236-Civ, 2022 WL 2498757, at \*7 (S.D. Fla. July 1, 2022) (noting it was "reasonable to infer" that cruise ship "knew (or should have known)" of the dangerous conditions it maintained and created by its own alleged actions). The existence of industry regulations, which Defendant either knew of and ignored, or should have known of (see Am. Compl. ¶ 19(d)), allows the same inference — and same plausible theory — that Defendant was on notice as to the dangerous conditions of the Staircase,** *see Holderbaum*, **87 F. Supp. 3d at 1356. And Defendant's control over, and design of, the Staircase (see Am. Compl. ¶ 19(b)), further support the inference that Defendant was on notice,** *see Liles*, **2023 WL 34644, at \*3**.

>   In other words, Plaintiff has met her burden. Her claims "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted).

[DE 13-1 at pp. 5-12] (emphasis added) (footnotes omitted).

A copy of the *Loredo* opinion, as well as the complaint in that case, are attached as Exhibits "1" and "2" for the convenience of the Court.

Respectfully submitted,

*/s/*  Matthias M. Hayashi
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Matthias M. Hayashi, Esq.**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:  (305) 441.0440
F:  (305) 441.0198
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 24, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/*  Matthias M. Hayashi